GEORGE LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 3535-89
United States Tax Court
T.C. Memo 1990-522; 1990 Tax Ct. Memo LEXIS 575; 60 T.C.M. (CCH) 936; T.C.M. (RIA) 90522; October 2, 1990, Filed *575 An appropriate order and decision will be entered. J. Paul Whitehead, for the petitioner. Alan Friday, for the respondent. COUVILLION, Judge. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on the motion of petitioner for litigation costs under section 7430 [1] and Rule 231. Respondent determined a deficiency of $ 442 in petitioner's 1985 Federal income tax and additions to tax under section 6653(a)(1) and (a)(2), respectively, of $ 22 and 50 percent of the interest *577 payable under section 6601 with respect to the portion of the underpayment attributable to negligence. When this case was called for trial, the parties filed a stipulation of settled issues which disposed of all adjustments in the notice of deficiency. Respondent conceded there was no deficiency in tax and no additions to tax due by petitioner for the year 1985. Petitioner then filed a motion for litigation costs under section 7430. Respondent, pursuant to this Court's order, filed a response objecting to petitioner's motion. Neither party requested a hearing, and the Court concludes that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). FINDINGS OF FACT At the time the petition was filed, petitioner was a resident of Coker, Alabama. In the notice of deficiency, respondent determined that petitioner had failed to report interest income on his 1985 Federal income tax return from two accounts with the Lake View Trust & Savings Bank of Chicago, Illinois, (the Bank) in the amount of $ 10 from one account and $ 1,706 from the other account. Respondent based the income adjustment of $ 1,716 from Forms 1099 filed with respondent *578 by the Bank which reflected the two interest payments. The Social Security number on each of the Forms 1099 was identical to the Social Security number on petitioner's 1985 income tax return. In addition, petitioner's 1985 return reflected a Chicago, Illinois, address. Petitioner was first advised of the discrepancy in his 1985 income by letter dated October 21, 1987, from respondent's Service Center. Petitioner responded with a letter dated October 30, 1987, in which he advised the Service Center that he had "written the bank to send us copies of the needed forms" and would contact the Service Center later. Having received no further information, the Service Center again wrote petitioner on December 30, 1987, to which petitioner replied on February 3, 1988: "We are currently checking with the bank about everything." Petitioner enclosed with his letter a copy of his Social Security card and the number on the card was the same as that which appeared on respondent's underreporter transcripts as to the unreported interest from the Bank. On July 3, 1988, the Service Center advised petitioner that the information received on February 3, 1988, was not sufficient to justify a change *579 in respondent's position. Counsel for petitioner then wrote the Service Center on July 13, 1988, in which he advised that the Bank had been contacted in January about the problem and that no responses had been received from the Bank. In his letter, counsel for petitioner stated: "If you have any resources which could be used to obtain information from the bank regarding the identity of the depositor on this account my client would be most grateful." Respondent then issued the notice of deficiency on November 25, 1988, and a timely petition was filed. Respondent's answer was filed April 20, 1989, generally denying petitioner's allegations. After the petition was filed, respondent referred the case to the Appeals Office which then proceeded to schedule a settlement conference. The record does not reflect whether a conference was held; however, that office wrote petitioner or his counsel on May 17, 1989, advising: "Nothing has been submitted by Mr. Lewis, accept has [sic] oral testimony, that the above interest income is not his. Mr. Lewis needs to submit his evidence that the above accounts are not his and he should not be liable for the additional income. Please submit the *580 evidence to this office by May 30, 1989." Petitioner's counsel responded on May 22, 1989, again advising that he had received no information from the Bank and again requested that the Appeals Office contact the Bank. The Appeals Office complied with this request, to which the Bank responded that written authorization from the account owner was required. The Appeals Office then prepared an authorization letter which was forwarded to counsel, executed by petitioner, returned to the Appeals Office, then forwarded to the Bank. The Bank responded on November 7, 1989: After investigating the two accounts you've provided: 720-100-7 and 525-985-8, it's come to my conclusion that the accounts belong to two separate George Lewis's. The Social Security Numbers are different, the signatures are different, and the birthdates are both different. With this evidence it's obvious these are two separate customers. Based on this information, the Appeals Office determined that the $ 1,706 interest from one of the accounts was not attributable to petitioner; however, the $ 10 interest from the other account was income attributable to petitioner. On November 8, 1989, respondent conceded the *581 case as reflected in the stipulation of settled issues filed at the time the case was called for trial. OPINION In the case of any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the taxpayer may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding. Section 7430(a)(1) and (2). [2] A judgment may be awarded only if the taxpayer was the "prevailing party" and "exhausted the administrative remedies available to such party within the Internal Revenue Service." Section 7430(a) and (b)(1). Respondent does not contend that petitioner did not exhaust administrative remedies available to him within the Internal Revenue Service. Accordingly, the issue for decision is whether petitioner was the prevailing party. *582 A taxpayer is considered the prevailing party only if it is established that: (1) the position of the United States in the proceeding was not substantially justified; (2) the taxpayer has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer had a net worth not in excess of 2 million dollars at the time the proceeding was commenced. Section 7430(c)(4)(A). Respondent concedes that petitioner has satisfied the second and third requirements above but contends that the first requirement has not been satisfied. Accordingly, the issue here is whether "the position of the United States in the proceeding was not substantially justified." The decision whether respondent's position was not substantially justified requires the Court to first identify the point in time at which the United States is considered to have taken a position, and second to decide whether the position taken from that point forward was not substantially justified. Under section 7430(c)(7), the term "position of the United States" means: (A) the position taken by the United States in a judicial proceeding *583 * * * and (B) the position taken in an administrative proceeding * * * as of the earlier of -- (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. Prior to issuance of the notice of deficiency, petitioner was involved in an administrative proceeding under section 7430(c)(7)(B). Section 7430(c)(5) defines "administrative proceeding" as "any procedure or other action before the Internal Revenue Service." However, no notice of decision of the Appeals Office of the Internal Revenue Service was ever issued or received by petitioner prior to the date of the notice of deficiency. Therefore, the United States is considered to have taken a position on November 25, 1988, under section 7430(c)(7)(B)(ii), the date of the notice of deficiency, and it is from that date forward the Court must decide whether respondent's position was not substantially justified. Whether respondent's position was not substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. , *584 affd. . The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." . The fact that respondent eventually loses or concedes the case does not establish an unreasonable position. ; , revd. on other issues . The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. ; . Petitioner has the burden of establishing that respondent's position was unreasonable. Rule 232(e). The reasonableness of respondent's position turns upon when the facts became known to respondent that the interest income in question (or a substantial portion thereof) was not attributable to petitioner, and whether respondent acted reasonably with respect thereto once this information became *585 known to respondent. Respondent's underreporter transcript, based upon the Forms 1099 filed with respondent, reflected that petitioner was the recipient of interest income which was not reported on petitioner's income tax return for 1985. The notice of deficiency was issued based upon this information. After the petition was filed, respondent referred the case to the Appeals Office for purposes of settlement. Although petitioner denied that the interest income was attributable to him, he and his attorney admittedly were unable to obtain the appropriate information from the payor bank which would substantiate petitioner's position. Petitioner and his attorney requested the assistance of the Appeals Office in obtaining this information, and this request was granted. Once respondent was provided information by the Bank, the case was promptly conceded. This is not a situation where respondent was provided information which established that respondent's position was in error, and respondent either failed to change his position or failed to investigate the matter further. See ; . *586 Once respondent was advised by the Bank that the two savings accounts in question "belong[ed] to two separate George Lewis's," respondent promptly ascertained that the "George Lewis," in the person of petitioner, was not the owner of the larger account and conceded the case. Petitioner has not shown where and how respondent's actions were not reasonable once the facts were made known to respondent. Not to be overlooked in all of this is that respondent issued the notice of deficiency based upon the Forms 1099 filed with respondent which identified petitioner, by a correct Social Security number, as the recipient of interest income. This income was not reported on petitioner's income tax return. Respondent did not err in interpreting the Forms 1099 filed with the Internal Revenue Service. The Bank, not respondent, made the error. Respondent promptly conceded the case once respondent was advised that the Bank had erred. The Court finds, therefore, that respondent's position in this case was substantially justified. Petitioner's motion for litigation costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Amendments to section 7430 by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3743, apply to proceedings commenced after November 10, 1988. Since the petition in this case was filed on February 21, 1989, the TAMRA amendments to section 7430 apply.↩